# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**IGUANA, LLC,**

    Plaintiff,

v.      Civil Action No. 7:08-cv-85(HL)

**PATRIOT PERFORMANCE MATERIALS, INC.,**

    Defendant.

## ORDER

This case was removed from the Superior Court of Thomas County, Georgia, to this Court on June 30, 2008. Consistent with the practices of this Court, the Notice of Removal was subjected to an initial review. Following review of the Notice of Removal, the Court directs Defendant to amend consistent with the following.

Plaintiff, Iguana, LLC, filed an action in replevin in the Superior Court of Thomas County, Georgia, on June 16, 2008. Plaintiff named Patriot Performance Materials, Inc., as a Defendant. Plaintiff sought the return of materials in the possession of Defendant. The materials are valued at more than $320,000.00. Thereafter, Defendant filed the Notice of Removal at issue here, alleging diversity jurisdiction. Specifically, Defendant alleges that Plaintiff, a limited liability company,[1] is a citizen of the State of

---

[1] In the Notice of Removal Defendant mistakenly refers to Plaintiff as a limited liability corporation.

Georgia and that Defendant is a North Carolina corporation with its principal place of business in North Carolina.

A civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C.A. § 1441(a) (West 2006). District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West 2006). For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1) (West 2006). Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however. In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any

claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Furthermore, a defendant removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. Rolling Greens MHP, 374 F.3d at 1022 (citing Williams v. Best Buy Co., Inc. 269 F.3d 1316, 1318 (11th Cir. 2001)). To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id.

In examining the jurisdictional allegations presented in the Notice of Removal, the Court finds they are lacking. Specifically, Defendant has failed to identify the citizenship of each of the members of Iguana, LLC. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Notice of Removal fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Defendant should be allowed to amend to correct the deficiencies noted. Accordingly, Defendant shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in remand for lack of jurisdiction.

**SO ORDERED**, this the 3rd day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls