# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**IGUANA, LLC,**

    Plaintiff,

v.                                       Civil Action No. 7:08-cv-85(HL)

**PATRIOT PERFORMANCE MATERIALS, INC.,**

    Defendant.

## ORDER

By Order (Doc. 4) entered July 3, 2008, the Court directed Defendant, Patriot Performance Materials, Inc., to amend its Notice of Removal to correct the jurisdictional deficiencies noted by the Court. Specifically, Defendant was advised that it had improperly identified Plaintiff, Iguana, LLC, as a limited liability corporation rather than a limited liability company, and had failed to identify the citizenship of each of the members of the limited liability company. The Court found that because it could not identify the citizenship of each of the members of the limited liability company, so as to determine whether all of the parties were diverse, the Court did not have subject matter jurisdiction over the case. Defendant was advised that failure to amend and plead the necessary jurisdictional prerequisites in a timely manner would result in remand for lack of jurisdiction. (Order at 3.)

On July 22, 2008, Defendant timely filed an Amended Notice of Removal

(Doc. 4). In the Amended Notice of Removal, Defendant continues to refer to Plaintiff as a limited liability corporation. (Am. Notice of Removal ¶ 2, ¶ 7a.) And, rather than identifying the citizenship of each of the members of the limited liability company, Defendant instead merely states that "[n]one of the members of Plaintiff Iguana, LLC are citizens of the State of North Carolina." (Am. Notice of Removal ¶ 3, ¶ 7b.) The Court finds that this statement fails to comply with the directives of the Court's Order and is insufficient to convey subject matter jurisdiction on the Court.

As the Court advised Defendant in its Order of July 3, to sufficiently allege the citizenship of an unincorporated business entity such as a limited liability company, the removing party "must list the citizenships of all the members of the limited liability company." Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A removing party who fails to do so has "failed to carry its burden of establishing diversity jurisdiction." Id. It is not enough for the pleading party to conclusively assert that jurisdiction is satisfied but, rather, "the pleader must affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

District courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). In order to ascertain whether it has jurisdiction in a case removed from state court, the district court must look to the facts, as provided by the removing party. Here, the Court finds that the facts are insufficient to demonstrate the existence of jurisdiction

because the Court is unable to ascertain the citizenship of each of the members of the limited liability company and, therefore, unable to ascertain whether complete diversity exists. Defendant's conclusory statement that none of the members of the limited liability company are citizens of the State of North Carolina is insufficient.

The distinction that the Court draws, in requiring the removing party to identify affirmatively the citizenship of the relevant parties–rather than offering a negative assertion as to their citizenship in one particular state–may appear insignificant to some. But it is a reflection of the Court's obligation to satisfy itself, from review of the facts, that all of the parties are diverse. The Court is not at liberty to seek out information as to the citizenship of the parties that come before it and, therefore, must rely on the parties to provide all of the information it needs to assure that jurisdiction is proper. It is not too much to ask of the removing party who seeks to use the federal courts that he comply with the requirements and identify the citizenship of the relevant parties. As the United States Court of Appeals for the Seventh Circuit observed when faced with similar issues concerning the jurisdictional pleading requirements of the federal courts:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction? Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide? The sky will not fall if federal courts occasionally stray outside the proper bounds. But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable-that federal courts are required to police their jurisdiction-imposes a duty of care that we are not at liberty to shirk. And since we are not investigative

bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.

Smoot v. Mazda Motors of Am., Inc. 469 F.3d 675, 678 (7th Cir.2006).

Here, the Court finds that Defendant has failed to provide all of the information necessary to allow the Court to determine the citizenship of the parties to this action. As a result, Defendant has failed to carry its burden of establishing diversity of citizenship. Accordingly, the Court lacks subject matter of the case and this matter is hereby remanded to the Superior Court of Thomas County, Georgia.

**SO ORDERED**, this the 30th day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls